# 14-1868-CV

### United States Court of Appeals
*for the*
### Second Circuit

———————♦———————

FINDTHEBEST.COM, INC.,

*Plaintiff-Appellant,*

– v. –

LUMEN VIEW TECHNOLOGY LLC, DALTON SENTRY, LLC, DECISIONSORTER, LLC, THE HILLCREST GROUP, INC., EILEEN C. SHAPIRO, STEVEN J. MINTZ, DOES 1 THROUGH 50,

*Defendants-Appellees.*

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**BRIEF FOR DEFENDANT-APPELLEE
LUMEN VIEW TECHNOLOGY LLC**

STAMOULIS & WEINBLATT LLC
*Attorneys for Defendant-Appellee
Lumen View Technology LLC*
Two Fox Point Centre
Six Denny Road, Suite 307
Wilmington, Delaware 19809
(302) 999-1540

# RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Defendant-Appellee Lumen View Technology, Inc. ("Lumen View"), by and through its undersigned attorney, hereby certifies that it is a limited liability company organized under the laws of Delaware, it has no parent corporation, and there is no publicly held corporation that owns 10% or more of its membership interests.

Dated: August 28, 2014

                                              STAMOULIS & WEINBLATT LLC

                                              Stamatios Stamoulis #4606
                                                   stamoulis@swdelaw.com
                                            Richard C. Weinblatt #5080
                                                   weinblatt@swdelaw.com
                                            Two Fox Point Centre
                                            6 Denny Road, Suite 307
                                            Wilmington, DE 19809
                                            Telephone:  (302) 999-1540

                                            Attorney for Defendant
                                            Lumen View Technology LLC

# Table of Contents

**RULE 26.1 CORPORATE DISCLOSURE STATEMENT** ................................ i

**Table of Authorities** ........................................................................................ iii

**I.   INTRODUCTION** ................................................................................. 1

**II.  ISSUES PRESENTED** .......................................................................... 2

**III. STATEMENT OF THE CASE** .............................................................. 3

**IV.  STANDARD OF REVIEW** .................................................................. 8

**V.   SUMMARY OF THE ARGUMENT** ................................................... 9

**VI.  ARGUMENT** ...................................................................................... 10

   **A.  THE DISTRICT COURT PROPERLY DISMISSED FTB's RICO CLAIMS BECAUSE FTB FAILED TO ALLEGE COGNIZABLE RICO PREDICATE ACTS** ............................................................................ 11

     *1.  Policy Considerations Strongly Support Judge Cote's Dismissal of this Action* ............................................................................................... 11

     *2.  FTB Erroneously Argues the Elements of RICO* ................................ 13

**VII. CONCLUSION** ................................................................................... 15

# **Table of Authorities**

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009)……………………………….. 8, 15

*Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008)……………. 14, 15

*Chevron Corp. v. Donzinger*, 871 F. Supp. 2d 229 (S.D.N.Y. 2012)…………….12

*Cruz v. Fxdirectdealer, LLC*, 720 F.3d 115 (2d Cir. N.Y. 2013)…………………..8

*Curtis & Assocs., P.C. v. Law Offices of David M. Bushman, Esq.*,

758 F. Supp. 2d 153, 173 (E.D.N.Y. 2010)……………………………………….13

*Deck v. Engineered Laminates*, 349 F.3d 1253 (10th Cir. Kan. 2003)…………...12

*E. Sav. Bank, FSB v. Papageorge*,

2014 U.S. Dist. LEXIS 30777 (D.D.C. Mar. 10, 2014)…………………………..13

*In re Sumitomo Copper Litig.*, 995 F. Supp. 451 (S.D.N.Y. 1998)……………….. 9

*Lumen View Tech. LLC v Findthebest.com, Inc.*,

2013 U.S. Dist. LEXIS 166852 (S.D.N.Y. 2013)…………………………………..4

*Moore v. PaineWebber, Inc.*, 189 F.3d 165 (2d Cir. 1999)………………………...9

*Motorola Solutions, Inc. v. In re Innovatio IP Ventures, LLC*,

921 F. Supp. 2d 903 (N.D. Ill. 2013)……………………………………………...14

*Nichols v. Mahoney*, 608 F. Supp. 2d 526 (S.D.N.Y. 2009)……………………...13

*Procapui-Productores de Camaroes de Icapui Ltda. v. Marcial Gerald*

*Layani, G.F. Higgins, Inc.*, 2008 U.S. Dist. LEXIS 121633 (S.D.N.Y. 2008)…….9

*UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121 (2d Cir. N.Y. 2010)………..14

*United States v. Abelis*, 146 F.3d 73 (2d Cir. 1998)………………………………12

*United States v. Pendergraft*, 297 F.3d 1198 (11th Cir. Fla. 2002)………………12

**Statutes**

18 U.S.C. § 1962 (c)……………………….…….………………….4, 5, 7, 10

18 U.S.C. § 1962 (d)……………………………………………………….4, 5, 7, 10

California Business & Professional Code § 17200………………………………...4

Hobbs Act, 18 U.S.C. § 1951……………………………………………………6

Travel Act, 18 U.S.C. § 1952……………………………………………………6

**Other Authority**

Federal Rule of Civil Procedure 12(b)(6)……………………………………….2, 3, 8

Federal Rule of Civil Procedure 8………………………………………………..14

Federal Rule of Civil Procedure 9(b).…………………………………….5, 8, 9, 14

Federal Rule of Appellate Procedure 28(i)…………………………………….8, 9

Defendant-Appellee Lumen View Technology, Inc. ("Lumen View") respectfully submits this brief in opposition to the brief submitted by Plaintiff-Appellant Findthebest.com, Inc. ("FTB").[1]

## I. INTRODUCTION

The Opinion & Order issued by the Honorable Denise Cote, United States District Judge in and for the Southern District of New York, dismissing with prejudice FTB's Amended Complaint alleging violations of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, et seq., and accompanying state law claims, should be affirmed in its entirety and FTB's appeal dismissed. The District Court correctly rejected FTB's attempt to transform these facts into a RICO case, urging criminalization of litigation activity in contradiction to settled case law, while taking great liberties to twist previously pled facts using RICO catchphrases.

As Judge Cote properly held, the legally deficient claims in the Amended Complaint fail to plead a RICO cause of action. FTB attempts to cloud the record by asserting that Judge Cote's Order failed to correctly analyze whether FTB's allegations could support the elements of the Hobbs Act, the mail and wire fraud statutes, and the Travel Act. FTB Br. at 14. This is incorrect. The well-reasoned, thorough Order focuses entirely on whether the alleged conduct sufficiently alleges

---

[1] Citations to FTB's Brief, filed on July 22, 104, are in the format "FTB Br. at __."

1

a RICO violation. Judge Cote gave cautious scrutiny to the baseless, conclusory allegations in the Amended Complaint, and found that FTB simply failed to appropriately plead a violation of RICO under settled law. Judge Cote's Order does not misread the case law, misapply Supreme Court precedent, or overlook essential facts, as FTB suggests. Although FTB attempted to manipulate the RICO statute in the context of this case, Judge Cote's decision is in line with sound policy considerations that urge dismissal of this action.

Lumen View respectfully requests this Court to affirm the District Court order dismissing the RICO claims against defendant-appellees and declining to exercise supplemental jurisdiction over the state law claims.

## II. **ISSUES PRESENTED**

1. Whether dismissal of FTB's Amended Complaint, alleging violations of RICO, should be affirmed where the Amended Complaint fails to allege any predicate acts, such that it fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)?

2. Whether dismissal of FTB's Amended Complaint, alleging violations of RICO, should be affirmed where the Amended Complaint fails to allege any reliance or injury, such that it fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6)?

3. Whether dismissal of FTB's Amended Complaint, alleging violations of RICO, should be affirmed where it has presented a legally deficient theory and made no showing that any facts would cure such defect?

## III.   STATEMENT OF THE CASE

This case is an appeal from the Judgment of the Honorable Denise Cote, United States District Judge for the Southern District of New York. In her decision, Judge Cote dismissed Plaintiff's claims against Defendant-Appellees, alleging violations of civil RICO and state law claims.

This is not a RICO case, despite efforts by FTB in the Amended Complaint to label it as such and repetitively citing to unsupported, conclusory allegations. This action arises out of the issuance of Patent No. 8,069,073 (the "'073 Patent") on Nov. 29, 2011 by the United States Patent and Trademark Office ("USPTO"). (JA0010). Defendant-appellee Lumen View was the owner of rights to and exclusive licensee of the '073 Patent. (JA0007). A post-litigation letter was sent on May 30, 2013 by counsel for Lumen View to FTB informing it of the filing of a patent infringement lawsuit against it related to the '073 Patent. (JA0017). The Complaint in the Patent Case conformed to the requirements of Form 18, as required.

As a duly issued patent, the '073 Patent was presumed valid, and conferred on its owner the express statutory rights to exclude others from making, using, selling or offering to sell the claimed invention in the United States, and to seek compensation of at least a reasonable royalty from those so making, using, selling or offering to sell the patented invention without consent (i.e., without license). The District Court, in the related patent infringement litigation against FTB, subsequently invalidated the '073 Patent as claiming non-statutory subject matter. *Lumen View Tech. LLC v Findthebest.com, Inc.*, 2013 U.S. Dist. LEXIS 166852 (S.D.N.Y. 2013). Until the '073 Patent was invalidated, it carried a strong presumption of validity, and anyone seeking to enforce the patent was entitled to rely on that presumption.

On or about September 16, 2013, Plaintiff Findthebest.com, Inc. ("FTB") initiated action against Lumen View, Dalton Sentry, LLC ("Dalton"), Decisionsorter, LLC ("Decisionsorter"), The Hillcrest Group, Inc. ("Hillcrest"), Eileen C. Shapiro ("Shapiro"), Steven J. Mintz ("Mintz") and Does 1 through 50 ("Does") (collectively, "Defendants"). (JA0003-61). On November 22, 2013, FTB amended their complaint, alleging charges of racketeering under the Racketeering Influenced Corruption Act ("RICO"), extortion, abuse of process, civil conspiracy and violation of the California Business & Professional Code § 17200. (JA0114-0207). Count One alleges a violation of 18 U.S.C. § 1962 (c) and Count Two

alleges a violation of 18 U.S.C. § 1962 (d). *Id*. FTB's theory of the case is that the Patent Infringement Action is a sham that was undertaken with virtually no pre-suit investigation, asserting that attempts to protect patent rights from infringement amounts to a RICO enterprise involving a continuous pattern of serious felonious conduct. This categorization must be rejected.

Nowhere in the Amended Complaint does FTB adequately plead any predicate act under either the Hobbs Act, Travel Act, mail or wire fraud, nor does it specify which of the defendants is alleged to have committed them. (JA0114-207, JA0428). The Amended Complaint fails to meet the heightened pleading requirements under Rule 9(b), which are applied with even more force in RICO actions in order to avoid the exact type of manipulation of the RICO statute that FTB is attempting here. Despite the claim that the extortion scheme was "more" than just litigation, the Amended Complaint fails to identify any specific conduct that is not litigation related or incidental to litigation (other than the baseless and unsupported "hate crime" allegation).[2] Based in part on these deficiencies, Defendants moved to dismiss the original complaint on October 29 and 31, 2013.

---

[2] All of the conduct alleged by FTB concerns litigation activities or conduct incident to litigation. The alleged threat concerning the "hate crime" (which Lumen View and its counsel have consistently denied as an unsupported, baseless and deficient allegation and which is not entitled to a presumption of truth) allegedly arose from discussions between counsel regarding the '073 Patent litigation.

5

After FTB was given an opportunity to amend, Defendants again moved to dismiss the Amended Complaint on December 16 and 23, 2013.

On May 19, 2014, the Honorable Denise Cote ruled that FTB failed to state a claim under RICO and dismissed the Amended Complaint (JA0426-48), holding that FTB had pled a legally deficient RICO theory against defendants. (JA0447, emphasis added). Specifically, in a 23-page Opinion and Order, Judge Cote held:

(1) The Amended Complaint failed to sufficiently plead any predicate act based on the Hobbs Act because "the instigation of meritless litigation cannot constitute extortion under the Hobbs Act…" 18 U.S.C. § 1951. (JA0435, noting agreement among courts of appeals in other circuits, as well as sound policy justifications for dismissal). Authority cited by FTB to the contrary is inapposite, only discussing crimes related to a Russian criminal group and was "silent on the question of whether meritless litigation can constitute the predicate act of extortion." (JA0436).

(2) The Amended Complaint failed to sufficiently plead any predicate act based on mail fraud or wire fraud because FTB failed to show reliance. (JA0438-9). In fact, FTB has argued against itself on the issue of reliance by disputing Defendants claims from the outset. (JA0440).

(3) The Amended Complaint failed to sufficiently plead that FTB's injuries were proximately caused by Defendants. (JA0441).

6

(4) Litigation activities cannot support claims of mail fraud and wire fraud as predicate acts under RICO, and other courts have "consistently refused to recognize as wire or mail fraud even litigation activities that rise to the level of malicious prosecution simply because the mail or wires were used." (JA0442).

(5) The Amended Complaint failed to state a claim for violation of any predicate act under the Travel Act. 18 U.S.C. § 1952 (JA0442-43).

(6) The Amended Complaint failed to state a claim for extortion in violation of California law as a predicate RICO act. Sound policy considerations support this conclusion. (JA0444).

(7) Judge Cote declined to address the issue of immunity under the *Noerr-Pennington* doctrine. (JA0432).

Because of the failure of FTB to plead any predicate act under RICO to satisfy 18 U.S.C. § 1962 (c), FTB's conspiracy claim under § 1962 (d) also failed. After all of the federal claims were found to be deficient, Judge Cote declined to exercise supplemental jurisdiction over the state law claims. (JA0445). FTB initiated this appeal on May 30, 2014. (JA0449). The arguments advanced by FTB in support of its appeal are without merit, and the District Court's judgment should be affirmed on all counts.

## IV. <u>STANDARD OF REVIEW</u>

Pursuant to Federal Rule of Appellate Procedure 28 (i), Lumen View joins in the arguments made by Defendant-Appellees Dalton, Decisionsorter, Hillcrest, Shapiro, and Mintz in Reply Briefs dated August 28, 2014, seeking affirmance of the District Court decision. A District Court's grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is reviewed *de novo*, taking as true the material facts alleged in the complaint and drawing all reasonable inferences in favor of the plaintiff. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Cruz v. Fxdirectdealer, LLC*, 720 F.3d 115, 119 (2d Cir. N.Y. 2013) (affirming dismissal of RICO allegations) (citations omitted). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not entitled to an assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint must do more than offer "naked assertions devoid of further factual enhancement." *Id*.

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard where fraud is alleged as a component of a RICO predicate act. As stated in the District Court Order: "In the RICO context, Rule 9(b) calls for the complaint to specify the statements it claims were false or misleading, give particulars as to the respect in which the plaintiffs contend the statements were fraudulent, state

when and where the statements were made, and identify those responsible for the statements." (JA0433, citing *Moore v. PaineWebber, Inc.*, 189 F.3d 165, 173 (2d Cir. 1999) (citations omitted)). The Plaintiff must allege facts that give rise to a strong inference of fraudulent intent. *Id*. Rule 9(b) has even greater urgency in civil RICO actions. *Procapui-Productores de Camaroes de Icapui Ltda. v. Marcial Gerald Layani, G.F. Higgins, Inc.*, 2008 U.S. Dist. LEXIS 121633, *10 (S.D.N.Y. 2008) (citations omitted); *In re Sumitomo Copper Litig.*, 995 F. Supp. 451, 455-456 (S.D.N.Y. 1998) (noting "overwhelming trend" amongst the lower courts to apply Rule 9(b) strictly in order to effect dismissal of civil RICO suits).

## V.　SUMMARY OF THE ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 28 (i), Lumen View joins in the arguments made by Defendant-Appellees Dalton, Decisionsorter, Hillcrest, Shapiro, and Mintz in Reply Briefs dated August 28, 2014, seeking affirmance of the District Court decision. Even assuming arguendo that Lumen View's litigation related conduct was a sham outside the scope of *Noerr-Pennington* immunity, Defendant Appellees brief concludes: (1) FTB failed to plead the necessary predicate acts in order to support its allegations of RICO violations; (2) litigation-related conduct is not, as a matter of federal statutory law, extortion under the Hobbs Act, mail or wire fraud; (3) FTB failed to plead that it relied on any supposedly fraudulent statements, or that its damages were proximately caused by

9

any such statements; (4) having failed to establish Hobbs Act, or mail or wire fraud violations, FTB cannot rely on the Travel Act as a RICO predicate act, and (5) having failed to establish a RICO violation under § 1962 (c), the RICO conspiracy claim under § 1962 (d) also fails.

The District Court properly held that FTB's Amended Complaint in this action failed to state any RICO violations against Defendants, and dismissal of the Amended Complaint must be affirmed. Although it was unnecessary for the District Court to reach analysis of *Noerr-Pennington* based on the deficiency of the pleadings, FTB's Amended Complaint is not saved even after consideration of that doctrine.[3] Lumen View respectfully requests FTB's appeal to be dismissed in its entirety.

## VI. <u>ARGUMENT</u>

As stated above, Lumen View joins in the arguments made by Defendant-Appellees Dalton, Decisionsorter, Hillcrest, Shapiro, and Mintz in Reply Briefs

---

[3] Defendants argued below that Lumen View's filing of patent infringement lawsuits to enforce duly issued '073 patent rights was constitutionally protected activity under the *Noerr-Pennington* doctrine. Finding that the allegations in the Amended Complaint were deficient and failed to show any predicate acts under RICO, the district Court dismissed FTB's Amended Complaint without reaching this argument. FTB now argues that Defendants have not established immunity under *Noerr-Pennington*, and this failure establishes a predicate act of extortion sufficient to establish a violation of RICO. FTB attempts to twist the application of *Noerr-Pennington* in order to circumvent settled statutory construction of extortion under the Hobbs Act: meritless litigation and threats of meritless litigation are not actionable under RICO. Lumen View joins in the detailed arguments made in Defendant-Appellees brief, urging this Court to reject FTB's arguments.

10

dated August 28, 2014, seeking affirmation of the District Court decision. So as not to burden the Court with duplicative argument, the movants here will not reproduce those arguments here.

In addition to the arguments advanced by Defendant-Appellees, Lumen View further argues: (1) FTB has mis-used the RICO statute, and Judge Cote's decisions is in line with sound policy considerations that support dismissal of the RICO actions; and (2) FTB erroneously argues the elements of RICO under the mail and wire fraud statutes.  Lumen View respectfully requests this Court to affirm Judge Cote's dismissal of FTB's Amended Complaint.

## A. THE DISTRICT COURT PROPERLY DISMISSED FTB's RICO CLAIMS BECAUSE FTB FAILED TO ALLEGE COGNIZABLE RICO PREDICATE ACTS

### 1. *Policy Considerations Strongly Support Judge Cote's Dismissal of this Action*

The Amended Complaint alleges a pattern of filing "meritless" lawsuits by Defendants in connection with the '073 Patent. RICO actions are rare in this context in which a party is enforcing duly issued statutory rights, although courts have frequently addressed whether frivolous litigation can serve as the basis for racketeering activity. *See Motorola Solutions, Inc. v. In re Innovatio IP Ventures, LLC (In re Innovatio IP Ventures, LLC Patent Litig.)*, 921 F. Supp. 2d 903 (N.D. Ill. 2013) (unsuccessful RICO claims against patent-holder). Even assuming the

11

truth of FTB's allegations, Judge Cote's Order, in recognition of the purposes behind RICO and our legal system in general, found FTB's allegations deficient:

> There are sound policy reasons against recognizing the instigation of meritless litigation as a RICO predicate act. Recognizing such litigation as a predicate RICO act would give complainants unprecedented access to federal courts and the treble damage remedy authorized under RICO. Such a significant extension of RICO's reach is best made, if at all, by Congress. Moreover, allowing these suits to proceed as RICO suits risks chilling parties resort to the judicial system to resolve their disputes.

(JA0436) (citations omitted).[4]

FTB has cited no authority to show that enforcement of duly issued patent rights through litigation to be wrongful or extortionate. Indeed, courts have expressed concern over criminalizing litigation-related activities creatively labeled by Plaintiffs as RICO. (JA0435). Recognizing litigation activities as federal crimes would "undermine the policies of access and finality that animate our legal system." *United States v. Pendergraft*, 297 F.3d 1198, 1208 (11th Cir. Fla. 2002); *Deck v. Engineered Laminates*, 349 F.3d 1253, 1258 (10th Cir. Kan. 2003); *E. Sav. Bank, FSB v. Papageorge*, 2014 U.S. Dist. LEXIS 30777 (D.D.C. Mar. 10, 2014) ("In the civil context, recognizing litigation as a form of extortion would

---

[4] None of the case relied upon by FTB involve a validly issued patent that was relied upon in asserting statutory rights, but rather those cases involved a Russian criminal group, *United States v. Abelis*, 146 F.3d 73 (2d Cir. 1998), and an Ecuadorian lawsuit that used fabricated evidence, witness tampering and judicial bribery to carry out the alleged RICO enterprise, *Chevron Corp. v. Donzinger*, 871 F. Supp. 2d 229 (S.D.N.Y. 2012).

12

'transform a state common law action into a federal crime'[,] and 'subject almost any unsuccessful litigant to a colorable extortion (and often a RICO) claim.'").

By dismissing FTB's Amended Complaint, Judge Cote has prevented the "inundation of federal courts with civil RICO actions that could potentially subsume all other state and federal litigation in an endless cycle where any victorious litigant immediately sues opponents for RICO violations." *Curtis & Assocs., P.C. v. Law Offices of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 173 (E.D.N.Y. 2010), *aff'd*, 443 Fed. App'x 582 (2d Cir. 2011) (summary order); *Nichols v. Mahoney*, 608 F. Supp. 2d 526, 536 (S.D.N.Y. 2009) ("A civil RICO lawsuit has vast implications for the defendants because of the specter of treble damages and the possibility of permanent reputational injury to defendants from the allegation that they are 'racketeers.'"). The congressional intent behind RICO does not square with the "absurd consequences and contraventions of well-settled public policy which would inevitably result" from allowing RICO predicate acts to be based upon these type of claims. *Curtis & Assocs., P.C.*, 758 F. Supp. 2d at 174. Lumen View respectfully requests this Court to reject FTB's appeal.

## 2. *FTB Erroneously Argues the Elements of RICO*

Despite Judge Cote's ruling, stating that reliance is required as to mail and wire fraud under Supreme Court precedent, FTB continues to argue that the District Court incorrectly reads *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S.

13

639 (2008). FTB Br. at 46; (JA0441, noting FTB's assessment of *Phoenix* is "incorrect"). FTB later concedes that a RICO Plaintiff "may" be required to show reliance in order to prove injury. As stated in the Order, Judge Cote specifically held that FTB failed to show **any** reliance caused it injury, in line with *Phoenix*, and that FTB's allegations were deficient. (JA0441-42). Lumen View urges this Court to adopt the assessment of Judge Cote, as well as other courts in the Circuit who have held in agreement. *See UFCW Local 1776 v. Eli Lilly & Co.*, 620 F.3d 121, 133 (2d Cir. N.Y. 2010) (finding reliance required where Plaintiff argued no reliance requirement under *Phoenix*).

FTB is forced into arguing against a reliance requirement, seeing as it has pled no facts to support a showing of reliance in the Amended Complaint. FTB alleges that the District Court "overlooked" specific allegations in the Amended Complaint that revealed FTB, did in fact rely on the allegations of mail and wire fraud; FTB does indeed refer to one paragraph in the Amended Complaint in which it recites a long list of alleged injuries without any supportive evidence, other than the amount of hours it has spent investigating the alleged misdeeds. (JA0171). Bare allegations are insufficient to support a complaint under Rule 8 or Rule 9(b), and the dismissal of FTB's Amended Complaint must be affirmed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). FTB failed to plead reliance, as required

under *Phoenix*, and as such has failed to adequately plead facts to support as showing of mail or wire fraud as the basis for the RICO claim.

## VII. <u>CONCLUSION</u>

The facts alleged by FTB in the Amended Complaint have failed to state a cause of action under RICO against FTB, and as such the decision of Judge Cote dismissing the Amended Complaint must be affirmed. Lumen View respectfully requests that the District Court Opinion and Order be affirmed on all counts.

Dated: August 28, 2014

                                          STAMOULIS & WEINBLATT LLC

                                          Stamatios Stamoulis #4606
                                              stamoulis@swdelaw.com
                                          Richard C. Weinblatt #5080
                                              weinblatt@swdelaw.com
                                          Two Fox Point Centre
                                          6 Denny Road, Suite 307
                                          Wilmington, DE 19809
                                          Telephone: (302) 999-1540
                                          Attorney for Defendant
                                          Lumen View Technology LLC